UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| DERRICK TUCKER AND BRUCE ARMSTRONG,<br><br>            Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, INSPECTOR MICHAEL MARINO, SERGEANT CHEESEWRIGHT, SERGEANT ROBERT HENDERSON, SHIELD #29729, POLICE OFFICER PATRICK BROWN, SHIELD #12577,<br><br>            Defendants. | Docket No. 04-CV-9211 (JSR)<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiffs seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth, and 14th Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incident on March 25, 2002 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, <u>inter alia</u>, assault, battery, unlawful search, false detention, and intentional infliction of emotional distress.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and 14th Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over Plaintiffs' state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff Derrick Tucker ("plaintiff Tucker") is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. Plaintiff Bruce Armstrong ("plaintiff Armstrong") is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

9. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

10. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Police Commissioner of the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant. The Commissioner is sued in his individual and official capacities.

11. Inspector Michael Marino ("the Inspector") was at all times here relevant the Commanding Officer of the 77th Precinct and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. The Inspector is sued in his individual and official capacities.

12. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

14. On the evening of March 25, 2002, plaintiff Tucker was driving an automobile and Bruce Armstrong was his passenger. In the vicinity of the corner of Rochester Avenue and Prospect Place, in Brooklyn, NY plaintiffs were pulled over by defendant police officers. The defendant police officers then unlawfully questioned and searched the plaintiffs, and assaulted and battered them.

15. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of his right to Due Process of Law under the 14th Amendments to the United Stated Constitution,

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law,

    e. Physical pain and suffering,

    f. Emotional trauma and suffering, including fear, embarrassment,

humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and financial loss,

    g.       Loss of liberty

    h.       Attorney's and court fees.

## FIRST CAUSE OF ACTION
(ASSAULT OF PLAINTIFF TUCKER)

16.    Paragraphs one through 15 are here incorporated by reference.

17.    Defendants made plaintiff Tucker fear for his physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

18.    Defendants were responsible for plaintiff Tucker's fear for his physical well being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

19.    Defendants have deprived plaintiff Tucker of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff Tucker under 42 USC §1983 and the New York State Constitution.

20.    Plaintiff Tucker was damaged by defendants' assault in the amount of Five Hundred Thousand ($500,000.00) dollars.

## SECOND CAUSE OF ACTION
(ASSAULT OF PLAINTIFF ARMSTRONG)

21.    Paragraphs one through 20 are here incorporated by reference.

22.    Defendants made plaintiff Armstrong fear for his physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

23.    Defendants were responsible for plaintiff Armstrong's fear for his physical well being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

24. Defendants have deprived plaintiff Armstrong of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

25. Plaintiff Armstrong was damaged by defendants' assault in the amount of Five Hundred Thousand ($500,000.00) dollars.

**THIRD CAUSE OF ACTION**
(BATTERY OF PLAINTIFF TUCKER)

26. Paragraphs one through 25 are here incorporated by reference.

27. Defendants engaged in and subjected plaintiff Tucker to immediate harmful and/or offensive touching and battered him.

28. Defendants used excessive and unnecessary force on plaintiff Tucker.

29. Defendants have deprived plaintiff Tucker of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

30. Plaintiff Tucker was damaged by the battery of the defendants in the amount of Five Hundred Fifty Thousand ($500,000.00) dollars.

**FOURTH CAUSE OF ACTION**
(BATTERY OF PLAINTIFF ARMSTRONG)

31. Paragraphs one through 30 are here incorporated by reference.

32. Defendants engaged in and subjected plaintiff Armstrong to immediate harmful and/or offensive touching and battered him.

33. Defendants used excessive and unnecessary force on plaintiff Armstrong.

34. Defendants have deprived plaintiff Armstrong of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under

42 USC §1983 and the New York State Constitution.

35. Plaintiff Armstrong was damaged by the battery of the defendants in the amount of Five Hundred Fifty Thousand ($500,000.00) dollars.

## FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT OF PLAINTIFF TUCKER)

36. Paragraphs one through 35 are here incorporated by reference.

37. Defendants subjected plaintiff Tucker to false arrest, false imprisonment, and deprivation of liberty without probable cause.

38. Defendants have deprived plaintiff Tucker of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## SIXTH CAUSE OF ACTION
(FALSE DETENTION OF PLAINTIFF ARMSTRONG)

40. Paragraphs one through 39 are here incorporated by reference.

41. Defendants subjected plaintiff Armstrong to false detention and deprivation of liberty without probable cause.

42. Defendants have deprived plaintiff Armstrong of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

43. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION OF PLAINTIFF TUCKER)

44. Paragraphs one through 43 are here incorporated by reference.

45. Defendants began a criminal prosecution against plaintiff Tucker.

46. The criminal proceedings were terminated favorably to plaintiff Tucker.

47. There was no probable cause for the prosecution.

48. Defendants acted with malice.

49. Defendants have deprived plaintiff Tucker of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

50. As a result of the malicious prosecution implemented by defendants, plaintiff Tucker was damaged in the sum of Two Hundred Fifty Thousand ($250,000) Dollars.

## EIGHTH CAUSE OF ACTION
(MALICIOUS PROSECUTION OF PLAINTIFF ARMSTRONG)

51. Paragraphs one through 50 are here incorporated by reference.

52. Defendants began a criminal prosecution against plaintiff Armstrong.

53. The criminal proceedings were terminated favorably to plaintiff Armstrong.

54. There was no probable cause for the prosecution.

55. Defendants acted with malice.

56. Defendants have deprived plaintiff Armstrong of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

57. As a result of the malicious prosecution implemented by defendants, plaintiff Armstrong was damaged in the sum of Two Hundred Fifty Thousand ($250,000) Dollars.

## NINTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY/PLAINTIFF TUCKER)

58. Paragraphs one through 57 are here incorporated by reference.

59. The City, the Commissioner and the Inspector are liable for the damages suffered by plaintiff Tucker as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

60. The City, the Commissioner and the Inspector knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

61. The aforesaid event was not an isolated incident. The City, the Commissioner and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner and the Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner and the Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and the Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff Tucker's civil rights, without fear of reprisal.

62. The City, Commissioner and the Inspector knew or should have known that the officers who caused plaintiff Tucker injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Commissioner and the Inspector failed to take corrective action.

63. The City, Commissioner and the Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

64. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, Commissioner and the Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff Tucker's rights here alleged.

65. Defendants City of New York, the Commissioner and the Inspector have damaged plaintiff Tucker by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

66. Plaintiff Tucker has been damaged as a result of the wrongful, negligent and illegal acts of the City the Commissioner and the Inspector in the amount of Five Hundred Thousand ($500,000.00) dollars.

**TENTH CAUSE OF ACTION**
(MUNICIPAL LIABILITY/PLAINTIFF ARMSTRONG)

67. Paragraphs one through 66 are here incorporated by reference.

68. The City, the Commissioner and the Inspector are liable for the damages suffered by plaintiff Armstrong as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

69. The City, the Commissioner and the Inspector knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

70. The aforesaid event was not an isolated incident. The City, the Commissioner and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner and Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner and the Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and the Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff Armstrong's civil rights, without fear of reprisal.

71. The City, Commissioner and the Inspector knew or should have known that the officers who caused plaintiff Armstrong injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Commissioner and the Inspector failed to take corrective action.

72. The City, Commissioner and the Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

73. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, Commissioner and the Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff Armstrong's rights here alleged.

74. Defendants City of New York, the Commissioner and the Inspector have damaged plaintiff Armstrong by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

75. Plaintiff Armstrong has been damaged as a result of the wrongful, negligent and illegal acts of the City the Commissioner and the Inspector in the amount of Five Hundred Thousand ($500,000.00) dollars.

**ELEVENTH CAUSE OF ACTION**
(42 USC § 1983/TUCKER)

76. Paragraphs one through 75 are here incorporated by reference.

77. Defendants have deprived plaintiff Tucker of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff Tucker under 42 USC § 1983 and the New York State Constitution.

78. Defendants' conduct deprived plaintiff Tucker of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff Tucker of his right to due process of law, pursuant to the 14th Amendment of the United States Constitution.

79. Plaintiff Tucker has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

## TWELFTH CAUSE OF ACTION
(42 USC § 1983/ARMSTRONG)

80. Paragraphs one through 79 are here incorporated by reference.

81. Defendants have deprived plaintiff Armstrong of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff Armstrong under 42 USC § 1983 and the New York State Constitution.

82. Defendants' conduct deprived plaintiff Armstrong of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff Armstrong of his right to due process of law, pursuant to the 14th Amendment of the United States Constitution.

83. Plaintiff Armstrong has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

WHEREFORE, plaintiffs demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in the amount of Five Hundred Thousand ($500,000.00) dollars for plaintiffs' First, Second, Third, Fourth, Fifth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action;

B. In favor of plaintiffs in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars for plaintiffs' Sixth, Seventh, and Eighth Causes of Action;

C. Awarding plaintiffs punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for plaintiffs' First, Second, Third, Fourth, Fifth, Ninth, Tenth, Eleventh,

and Twelfth Causes of Action;

D. Awarding plaintiffs punitive damages in the amount of Two Hundred Fifty Thousand ($250,000.00) dollars for plaintiffs' Sixth, Seventh, and Eighth Causes of Action;

E. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

F. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
May 4, 2005

TO: New York City
Corporation Counsel Office
Attn: ACC Sheryl Bruzzese
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Inspector Michael Marino
75th Police Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

Sergeant Cheesewright
77th Police Precinct
127 Utica Avenue
Brooklyn, NY 11213

Yours, etc.,

LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507
lglickman@earthlink.net

Sergeant Robert Henderson
Shield #29729
67th Police Precinct
2820 Snyder Ave.
Brooklyn NY 11216

Police Officer Patrick Brown
Shield #12577
77th Police Precinct
127 Utica Avenue
Brooklyn, NY 11213